**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | BR NO. 19-10676 |
| CHARLES RIVERS JR. | : | |
| Debtor. | : | Chapter 13 |
| | : | |
| CHARLES RIVERS JR. | : | |
| Plaintiff. | : | |
| | : | |
| vs. | : | Adv. Proc. No. 19- |
| | : | |
| WELLS FARGO BANK, N.A. | : | |
| Defendant. | : | |

**C O M P L A I N T**

The complaint of Charles Rivers, Jr., debtor in the above-captioned bankruptcy case, respectfully represents:

1. Jurisdiction of the Court over the instant adversary proceeding is based upon 28 U.S.C. Secs. 157 and 1334 in that this action arises in and relates to the bankruptcy case of the above debtor filed February 3, 2019, and presently pending before this Court. This is a core proceeding under 28 U.S.C. Sec. 157(b)(2)(4).

2. Plaintiff and debtor in the above-captioned action is Charles Rivers, Jr., is the owner in fee simple and possessor of real estate located at 91 E. Duval Street, Philadelphia, PA (the "property").

3. Defendant is Wells Fargo Bank, N.A. (Wells Fargo), a corporation doing business in Pennsylvania.

4. The plaintiff acquired ownership of the property by sheriff's deed on or about August 13, 2001.

5. Defendant claims a lien against the property adverse

to plaintiff's ownership of and title to the property, and defendant has no legal right, title, lien or interest in or to such property or any part of it.

6. Defendant's claims of a first mortgage lien is based on the alleged execution of a mortgage and promissory note in favor of defendant's predecessor Wachovia Bank, N.A. in the principal sum of $61915.00 purportedly on or about July 24, 2002, and recorded in the Philadelphia County Recorder of Deeds on the same date (Exhibit "A").

7. Plaintiff is the named mortgagor on the mortgage instrument and his signature, notarized by a "Marvin Sabulsky" appears on page 7 of the document. However, the promissory note for the transaction also executed on July 24, 2002, identifies the named borrower as Ivanette Carter, and her signature appears on page 4 of said note.

8. Ivanette Carter was plaintiff's aunt. She died on December 31, 2016.

9. On the date of the above transaction, plaintiff was incarcerated in federal prison. He was incarcerated continuously between the dates of April 5, 2002 and March 6, 2008. He was not present at any settlement of the above-referenced transaction, and had no knowledge of or consent to any part of said transaction.

10. Plaintiff only became aware of the placement of the mortgage lien on the property following his release

from prison. Since his release he has communicated numerous times and engaged in informal dispute resolution proceedings with defendant in an effort to have the mortgage lien removed by defendant amicably. Plaintiff's efforts were last rejected by defendant after a purported "review" of the transaction in 2017.

11. The above described mortgage is invalid and unenforceable because plaintiff had no knowledge of the mortgage loan transaction, received no financial benefit or other consideration and is simply the innocent victim of the fraud of his deceased aunt and defendant.

12. The mortgage described above remains unsatisfied of record and constitutes a cloud on plaintiff's title to the property.

WHEREFORE, plaintiff demands judgment as follows and respectfully requests that this Court:

1. Declare the mortgage void and cancel the mortgage of record;

2. Quiet title to the property as ser forth in this complaint;

3. Award plaintiff the costs of this action, including reasonable attorney fees;

4. Award other such relief as is just and equitable.

Date: 4/3/19                /s/Timothy Zearfoss, Esquire
                            Timothy Zearfoss, Esquire
                            Attorney for Plaintiff